**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6149**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN MICHAEL PAGE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Max O. Cogburn, Jr., District Judge. (5:00-cr-00015-MOC-3)

Submitted: June 14, 2018                          Decided: June 19, 2018

Before TRAXLER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen Michael Page, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Michael Page appeals from the district court's order denying his "emergency motion," which the court construed as a mixed petition raising an ineffective assistance of counsel claim, pursuant to 28 U.S.C. § 2255 (2012); a motion for a sentence reduction under Amendment 792 to the U.S. Sentencing Guidelines Manual, pursuant to 18 U.S.C. § 3582(c)(2) (2012);[1] and "a *Bivens* type action concerning [Page's] conditions of confinement," *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). For the reasons that follow, we affirm.

Page first asserts on appeal that he was not moving under either 28 U.S.C. § 2255 or Guidelines Amendment 792. He contends that the arguments the district court construed as supporting such motions were, in fact, intended to support a motion for a sentence reduction under Guidelines Amendment 794.[2] We conclude that, even if the district court misinterpreted Page's claim, it was still properly denied. Amendment 794, with an effective date of 2015, is not listed in USSG § 1B1.10(d), p.s., as having retroactive effect, and thus it cannot be applied to Page's 2002 sentence. *See* USSG § 1B1.10(b)(1), p.s.

Page next argues that he should benefit from Guidelines Amendment 782 because he no longer qualifies as a career offender. The district court denied Page Amendment

---

[1] The district court also found that, to the extent Page was attempting to assert a claim under Guidelines Amendment 782, such claim was denied.

[2] Page acknowledges that, throughout his motion, he cited to Amendment 792 rather than Amendment 794.

2

782 relief in 2015, and he did not appeal that ruling or raise this argument in his current motion. Therefore, he is not entitled to relief on this basis.

Finally, Page argues that he was not making a *Bivens* claim, he was seeking a sentence modification under 18 U.S.C. § 3553(a)(2)(D) (2012) because his prison conditions and inadequate medical care had effectively converted his sentence "to a death sentence." Again, even if the district court misinterpreted Page's claim, it was still properly denied. For a court to modify a sentence by reconsidering the 18 U.S.C. § 3553(a) factors, a motion must be made by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). As no such motion was made, Page is not eligible for a reduction.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*